IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ADRIAN BERBER, on behalf of himself and all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>HUTCHISON TREE SERVICE,<br>NORTHSTAR ENERGY SERVICES, INC.<br>and PIEDMONT NATURAL GAS, INC.,<br>AND CRAIG HUTCHINSON,<br>    *Defendants* | CA No. 5:15-CV-143-D |

## DEFENDANTS' JOINT RULE 26(f) REPORT

**Date Complaint Filed**: April 3, 2015

**Date Complaint Served**:

- **Hutchison Tree Services:** April 13, 2015
- **Craig Hutchison:** April 13, 2015
- **Northstar Energy Services:** April 10, 2015
- **Piedmont Natural Gas, Inc.:** April 13, 2015

**Date of Defendants' Appearance:**

- **Hutchison Tree Services:** February 10, 2016
- **Craig Hutchison:** February 10, 2016
- **Northstar Energy Services:** May 1, 2015
- **Piedmont Natural Gas, Inc.:** May 4, 2015

**Date of Defendants' Answer to Complaint:**

- **Hutchison Tree Services:** February 10, 2016
- **Craig Hutchison:** February 10, 2016
- **Northstar Energy Services:** May 1, 2015
- **Piedmont Natural Gas, Inc.:** May 4, 2015

Pursuant to Fed. R. Civ. P. 26(f), a meeting of counsel was held by telephone on March 14, 2016 and was attended by Gilda A. Hernandez of The Law Offices of Gilda A. Hernandez, PLLC for Plaintiff; Robert E. Boston and Andrew S. Naylor of Waller Lansden Dortch & Davis, LLP, on behalf of Craig Hutchinson and Hutchinson Tree Service ("Hutchison Tree"); Robert G. Lian, Jr. and Andrew R. Turnbull of Akin Gump Strauss Hauer & Feld, LLP on behalf of Northstar Energy Services, LLC ("NorthStar"); and Kristine M. Sims of Constangy, Brooks, Smith & Prophete, LLP on behalf of Piedmont Natural Gas Company, Inc. ("Piedmont").

The parties exchanged proposed Rule 26(f) reports and met and conferred in good faith. The Plaintiff and Defendants, however, were not able to reach complete agreement on all material issues for the Rule 26(f) report. Specifically, the parties disagreed about: (1) providing class notice under Rule 216(b) for Plaintiff's Fair Labor Standards Act ("FLSA") claim before the parties engage in class certification discovery of Plaintiff's Rule 23 class action under North Carolina's Wage and Hour Act's ("NCWHA"); (2) addressing whether NorthStar and Piedmont are Plaintiff's joint employer before the parties engage in discovery on class certification issues; and (3) separating class and merits discovery. Accordingly, Defendants are submitting their joint Rule 26(f) report, including a proposed discovery plan, for the Court's consideration. Defendants anticipate some overlap with Plaintiff's Rule 26(f) report, including on the discovery of electronically stored information, subjects of discovery, and exchange of initial disclosures.

1. **Discovery Plan.** Defendants propose to the Court the following discovery plan:

Defendants believe that in the interest of fairness, efficiency, and judicial economy – and to further facilitate the possibility of early settlement – a sequenced discovery schedule would most benefit the Court and parties. To that end, Defendants propose the following steps in the noted order.

<u>Step I.</u> Rule 216(b) Notice: Within fourteen (14) days of the Court's entry of this discovery plan, Hutchison Tree Service will provide to Plaintiff's counsel a spreadsheet containing the following information for each potential Plaintiff: their first and last names, their last known physical address, and dates of employment. Within fourteen (14) days of receiving the class list, Plaintiff's counsel will send, via First Class Mail, copies of the notice and consent forms, (as agreed by the parties and approved by the Court), to each individual on the class list. Potential opt-in Plaintiffs shall have 90 days from the date of mailing to return their notice if they wish to participate in the action to seek recovery under the FLSA. The information received will be timely shared by the parties.

<u>Step II.</u> Within 150 days from the date of mailing of the Notice, the Parties will reconvene to discuss the resolution of this dispute using an experienced and mutually agreed-upon mediator.

Step III. If the mediation is not successful, the parties will file a notice with the Court informing the Court of the date that mediation was unsuccessful. Defendants propose that the parties file such notice within ten (10) calendar days of the unsuccessful mediation. Then the parties shall engage in a "Joint Employer" discovery stage where the parties will address the threshold issue of whether Defendants NorthStar and Piedmont are, for purposes of this action, "co-" or "joint" employers of the Plaintiff and those similarly situated while they were employed by Hutchison Tree. This discovery phase, if necessary, will be completed in 120 days after Step II. Upon expiration of the 120-day period, the parties shall have thirty (30) days to file motions for summary judgment regarding whether NorthStar and Piedmont were Plaintiff's joint employer. The opposing party shall then have twenty-one (21) days to file its opposition to that motion, and the filing party shall then have fourteen (14) days in which to file its reply.

Step IV. Following the Court's determination of the motions anticipated in Step III above, the parties remaining, if any, shall begin the "Pre-Certification" discovery stage. This stage will involve the parties taking discovery on factual circumstances underlying a potential motion for conditional and class certification of Plaintiff's federal and state claims under the FLSA and the NCWHA provisions and merits discovery. Depositions of expert witnesses, if any, will take place in Step V.

Defendants propose that pre-certification discovery in Step IV will be completed on or before 180 days from its commencement. Defendants further propose that Plaintiff file his motion for conditional and/or class certification under the FLSA no later than thirty (30) days after completion of the pre-certification discovery in Step IV. Defendants' response is due within 45 days thereafter.

Step V. Upon the Court's ruling on Plaintiff's anticipated motion for collective and class certification, Defendants propose that the parties again meet and confer, with or without the Court's presence, to reassess the parties' claims and defenses, the possibilities for resolution of the case, and to formulate a final discovery plan for any remaining merits discovery and expert discovery as provided in Rule 26(f). Defendants propose that discovery on any merits-related issues that has not occurred in a prior stage of the case should take place subsequent to this Court's ruling on any motions on class or collective action certification and the issuance of a subsequent discovery and trial plan ordered by the Court, as further merits discovery may involve expert discovery relating to disputed time periods at issue.

**The parties anticipate that discovery will be needed from the parties and any opt-ins and/or putative class members on the following subjects**:

- Defendants' compensation practices with regard to Plaintiff, opt-in Plaintiffs, and putative class members;
- Compensation, food, housing and other items paid or provided to Plaintiff, opt-in Plaintiffs, and putative class members;
- Defendants' time recording practices with regard to Plaintiff, opt-in Plaintiffs, and putative class members;
- Hours worked by Plaintiff, opt-in Plaintiffs, and putative class members;
- The nature of Plaintiff's, opt-in Plaintiffs', and putative class members' job duties and work activities;
- Whether Defendants acted in good faith to comply with applicable wage and hour laws and regulations;
- Plaintiff's, opt-in Plaintiffs', and putative class members' periods of employment with Defendants and the applicable statute of limitations;
- The amount of damages owed, if any, to Plaintiff, opt-in Plaintiffs, and putative class members;
- Information relating to Defendant Piedmont's sub-contractors Hutchinson and Northstar and their employees;
- The relationship between all Defendants and whether NorthStar and Piedmont are joint employers of the named Plaintiff and the opt-in plaintiffs, and/or putative class members while they were employed by Hutchison Tree, and, if so, their liability as such; and
- The defenses of each Defendant to each of Plaintiff's or potential Plaintiffs' claims.

Defendants anticipate that the parties will be able to complete the sequence of stages set out above during the periods allocated.

The parties agree that Initial Disclosures will be due within thirty (30) days after the Court enters its Scheduling Order.

**Other anticipated discovery issues Defendants propose:**

**a)** During Steps III and IV, there shall be:

i) a maximum of twenty-five (25) interrogatories, including subparts, by any party to any other party, except as consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including interrogatories;

ii) a maximum of twenty-five (25) requests for production of documents, including subparts, by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for production of documents; and

iii) a maximum of fifteen (15) requests for admission, including subparts, by any party to any other party, except as otherwise consented to by the parties. Responses will be due thirty (30) days after service, except as otherwise consented to by the parties. Regardless of consent, each party reserves its right to apply to the Court for an extension of time to respond to discovery requests, including requests for admission.

iv) a maximum of four (4) depositions by Plaintiff as to each Defendant and four (4) depositions by each Defendant, except as otherwise consented to by the parties or allowed by the Court for good cause shown.

**b)** Defendants propose that the parties will abide by the Rules of Practice and Procedure of the United States District Court for the Eastern District of North Carolina and the Federal Rules of Civil Procedure relating to the length of depositions.

**c)** Disclosure of retained experts and reports from said experts under Rule 26(a)(2) shall be due in accordance with Defendants' Step V discovery plan conference following the Court's ruling on Plaintiff's motion for collective and/or class action certification.

**d) Electronically Stored Information:** The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

i. Relevant information: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

   a. Payroll and similar records stored by all Defendant employers during the time of Plaintiff's, opt-in plaintiffs', and putative Plaintiffs' employment with Defendants;

   b. Records reflecting the names and locations of Defendant Piedmont for whom Plaintiff performed shrubbery and maintenance services and the dates such services were performed for various locations throughout North Carolina;

  c. Electronic mail (including all electronic attachments) sent to and/or from the parties and/or decision-makers or employees of Defendants using Defendants' email during the relevant time period to the incidents at issue;

  d. Any electronically stored information, including but not limited to text messages, photos, video surveillance cameras, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof); and

  e. Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

**e) Form of Production/Preservation:** The parties discussed the form of production and preservation. Defendants propose that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably useful in that form, in such other form as is reasonably useful. Defendants further propose to undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but Defendants propose that Defendants will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligation to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

**f)** Defendants propose that supplementations under Rule 26(e) are due within thirty (30) days after a party discovers new information that must be disclosed in order to supplement or correct a prior disclosure or a prior response to a request for a discovery, provided, however, that during the final thirty (30) days of discovery, supplementations will occur as soon as practicable so as not to prejudice either party.

**g) Privilege/Protection:** Defendants propose that the parties shall not deem the inadvertent production of privileged or protected materials a waiver or forfeiture of such privilege or protection; provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. Defendants further propose that, upon request, any such mistakenly produced documents shall be returned. In the event of a dispute over use of any privileged or protected materials, Defendants propose that the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege or protection is resolved by the Court.

Defendants anticipate that a protective order may be needed to protect the confidentiality of certain financial, proprietary, trade secret, or personnel information. At this time Defendants are hopeful that the parties can come to an agreement as to the language of such a protective order and anticipate sending a consent protective order to the Court for review and approval. In the event the parties are unable to reach an agreement as to language for the protective order, Defendants propose that the parties file an appropriate motion with the Court.

2. **Mediation**. Defendants propose that the parties conduct mediation during the time period established for Step II, the exact date to be set by the mediator after consultation with the parties. If the parties are unable to conduct mediation during Step II, Defendants propose that the parties conduct mediation after the Court issues its ruling on Defendants' motions for summary judgment in Step III and after the Court issues its ruling on Plaintiff's motion for conditional and/or class certification and prior to the filing of additional dispositive motions. Defendants propose that the mediator be Hunter Hughes III, or another experienced mediator acceptable to the parties.

3. **Preliminary Deposition Schedule.** Defendants propose that the parties shall schedule depositions by agreement and cooperation, and update their schedule at reasonable intervals.

4. **Other items.**

   a. Defendants propose that the deadline to request leave to join additional parties or amend pleadings shall be extended to either: (a) thirty (30) days from any order by the Court denying Plaintiff's motion for conditional and/or class certification and issuance of notice; or (b) shall be thirty (30) days prior to the date on which Plaintiff is required to file his motion for conditional and/or class certification. Defendants further propose that the parties reserve the right to move to amend their pleadings thereafter if new facts or circumstances are discovered which warrant such amendment.
   b. After these dates, Defendants propose that the Court consider, *inter alia*, whether the granting of leave would delay trial.
   c. Given the parties disagreement on the Rule 26(f) report and discovery plan, Defendants request a conference with the Court prior to the entry of the Scheduling Order. Defendants propose that no meeting with the Court is needed regarding a proposed discovery control plan/scheduling order within forty-five (45) days following the Court's ruling on Plaintiff's motions for collective/class action certification.
   d. Defendants propose that the Court have a pre-trial conference in accordance with Defendants' proposed discovery plan following the Court's ruling on Plaintiff's motions for collective/class action certification.
   e. Defendants propose that all potentially dispositive motions shall be filed in accordance with Defendants' proposed discovery plan following the Court's ruling on Plaintiff's motion for collective/class action certification.

**f.** Defendants believe that settlement is a possibility, and propose that the parties explore settlement as set out above.

**g.** Defendants propose that the parties submit Rule 26(a)(3) disclosures as required by that rule and, in any case, no later than thirty (30) days prior to trial.

**h.** Defendants propose that the parties file objections under Rule 26(a)(3)(B) within fourteen (14) days after service of the disclosure to which the objection is made.

**i.** Defendants propose that the deadline for Plaintiff to seek conditional collective/class action certification will be 30 days after the completion of discovery in Step IV.

**j.** The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master, and parties do not agree or consent to the appointment of a master or referral to a magistrate judge.

**k.** Pending dispositions of any motion for summary judgment, and any FLSA and NCWHA certification issues, the parties cannot predict an approximate length of trial. A jury trial has been demanded.

Defendants have no other matters to present at this time.

Respectfully submitted, this the 28th day of March, 2016.

*/s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr.
Virginia State Bar #36406
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1333 New Hampshire Ave., N.W.
Washington, DC 20036-1564
Phone: 202-887-4358
Fax: 202-887-4288
blian@akingump.com

Christopher A. Page
North Carolina State Bar #19600
**YOUNG MOORE AND HENDERSON, P.A**.
P.O. Box 31627
Raleigh, NC 27622
Phone: 919-782-6860
Fax: 919-782-6753
chris.page@youngmoorelaw.com

*Attorneys for Defendant Northstar Energy Services, Inc.*

*/s/ Robert E. Boston*
Robert E. Boston
Tennessee State Bar #009744
Andrew S. Naylor
Tennessee State Bar #017128
**WALLER LANSDEN DORTCH & DAVIS, LLP**
511 Union St., Ste 2700
Nashville, TN 37219
Phone : 615-244-6380
Fax: 615.244.6804
bob.boston@wallerlaw.com
andy.naylor@wallerlaw.com

Zebulon D. Anderson
North Carolina State Bar #20831
**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP**
P.O. Box 2611
Raleigh, NC 27602
Phone: 919-821-1220
Fax: 919-821-6800
zanderson@smithlaw.com
Local Civil Rule 83.1 Counsel.

*Attorneys for Defendants Hutchison Tree Services and Craig Hutchison*

*/s/ Kristine M. Sims*
Kristine M. Sims
North Carolina State Bar #26903
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Phone: 336-721-6849
Fax: 336-283-0385
ksims@constangy.com

William A. Blue, Jr.
Tennessee State Bar #10378
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
401 Commerce Street, Suite 1010
Nashville, TN 37219
Phone: 615-320-5200

Fax: 615-321-5891
zblue@constangy.com

*Attorneys for Defendant Piedmont Natural Gas Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2016, I caused the foregoing **DEFENDANTS' JOINT RULE 26(f) REPORT** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered as CM/ECF participants.

*/s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr.
Virginia State Bar #36406
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1333 New Hampshire Ave., N.W.
Washington, DC 20036-1564
Phone: 202-887-4358
blian@akingump.com