| | |
|---|---|
| ADRIAN BERBER, on behalf of himself and all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>HUTCHISON TREE SERVICE,<br>NORTHSTAR ENERGY SERVICES, INC.<br>and PIEDMONT NATURAL GAS, INC.,<br>AND CRAIG HUTCHINSON,<br>    *Defendants* | CA No. 5:15-CV-143-D |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery materials and any other information produced, given, or exchanged by and among the Parties and any non-parties to the above-captioned action; to facilitate the prompt resolution of disputes over confidentiality of discovery materials; to adequately protect information the Parties and non-parties are entitled to keep confidential; to ensure that only the materials that the Parties and non-parties are entitled to keep confidential are subject to such treatment; and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**A.    Definitions**

    1.    "Party" means any party to this action, including all of its, his, or her officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.    "Material" means all information, documents, and things produced, served, or otherwise provided in this action by the Parties or by non-parties.

3. "CONFIDENTIAL" Material includes information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (a) would not normally reveal to third parties except in confidence, or (b) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4. "ATTORNEYS' EYES ONLY" Material includes information, documents, and things the Designating Party believes in good faith is both not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (a) would not normally reveal to third parties except in confidence, or (b) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including but not limited to information relating to strategic plans, future projects or services, non-public financial data, documents that would reveal trade secrets, and licensing documents and licensing communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

5. The "Producing Party" is a Party or non-party that produces Material in this action.

6. The "Receiving Party" is a Party that receives Material from a Producing Party.

7. "Designated Material" is material that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order.

8. The "Designating Party" is a Party or non-party that designates information, documents, or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

9. "Counsel of Record" means (a) outside counsel who appear on the pleadings as counsel for a Party, and (b) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and in-house legal counsel for corporate entities, including supporting personnel affiliated with the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters, or (c) independent legal translators retained to translate in connection with this action and independent shorthand reporters retained to record and transcribe testimony in connection with this action.

10. "Outside Consultant" is a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

11. "Industry Expert" is a person with specialized knowledge, experience, or qualifications sufficient to opine on industry and/or market related issues, who has been retained by a Party or Counsel of Record to serve as an expert witness or a consultant in this action.

12. "Professional Vendors" are persons or entities that provide litigation support services (*e.g.,* photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors. This includes a professional jury or trial consultant retained in

connection with this litigation and mock jurors retained by such consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultants.

**B.     Scope**

13.     The protections conferred by this Order cover not only Designated Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein will alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the deadlines provided in the Court's Scheduling Order or in any other Order of the Court. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of North Carolina, or any rules or requirements imposed by James C. Dever, III, Chief United States District Judge.

**C.     Access to Designated Material**

14.     CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or thing designated "CONFIDENTIAL" only to:

(a)     The named Parties, opt-in Parties, and, in the event the Party is an entity, the employees of that entity to whom disclosure is reasonably necessary for purposes of defending or prosecuting the above-captioned litigation;

(b)     Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

(c) Counsel of Record and the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and the plaintiff, to the extent necessary to prepare this case for litigation;

(d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed both the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(e) Industry Experts of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, and (iii) who have signed both the "Acknowledgment and Agreement To Be Bound By Protective Order" and "Certification Of Consultant" attached hereto;

(f) Subject to the other requirements set forth herein, witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g) The Court and its personnel;

(h) Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed both the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

(i) Court reporters; and

(j) Professional Vendors to which disclosure is reasonably necessary for this litigation and a designated representative of which who has signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto.

15. ATTORNEYS' EYES ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents, or things designated "ATTORNEYS' EYES ONLY" Material only to the following persons in addition to those identified in Paragraphs 23-26 below:

    (a)    Persons who appear on the face of Designated Material as an author, addressee, or recipient thereof;

    (b)    Counsel of Record and the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action, and the plaintiff/opt-in plaintiffs, to the extent necessary to prepare this case for litigation;

    (d)    The Court and its personnel;

    (c)    Outside Consultants or Industry Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed both the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

    (e)    Any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed both the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto;

    (f)    Court reporters; and

    (g)    Professional Vendors to which disclosure is reasonably necessary for this litigation and a designated representative of which who has signed the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto.

16. Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto, and if applicable the "Certification Of Consultant" attached hereto, must do so prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material must retain each executed certificate and, upon written request, must provide copies to counsel for all other Parties at the termination of this action.

17. At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order may not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings will be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

D. **Access to "Designated Material" By Outside Consultants or Industry Experts**

18. **Notice.** If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant or Industry Expert, before such disclosure occurs, the Receiving Party must obtain copies of the "Acknowledgment and Agreement To Be Bound By Protective Order" and the "Certification Of Consultant," both attached hereto, that have been executed by the Outside Consultant or Industry Expert.

E. **Use of Designated Material**

19. **Use of Designated Material By Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material may be used by the

Receiving Party only for purposes of this litigation and may not be used in any other way. Information contained or reflected in Designated Materials may not be disclosed in conversations, presentations by Parties or counsel, in court, or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

20. **Use of Designated Material By Designating Party.** Nothing in this Order will limit any Designating Party's use of its own documents and information, nor will it prevent the Designating Party from disclosing its own confidential information, documents, or things to any person. Such disclosure will not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

21. **Use of Designated Material at Depositions and Trial.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all material marked as CONFIDENTIAL, subject to applicable Rules of Civil Procedure and Rules of Evidence and this Order. Whenever a deposition involves the disclosure of material marked as CONFIDENTIAL, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

22. If any non-party witness at any deposition is questioned on material marked as CONFIDENTIAL and/or is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the witness and attorney will be

-8-
Case 5:15-cv-00143-D   Document 50   Filed 09/16/16   Page 8 of 18

requested to provide an executed "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto, attesting that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such witness or attorney declines to sign such an "Acknowledgment and Agreement To Be Bound By Protective Order" prior to the examination, the Parties, by their attorneys, will jointly seek a protective order from the Court prohibiting such witness or attorney from disclosing such Designated Material.

23. A witness who previously had access to Material designated "ATTORNEYS' EYES ONLY," but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the Parties to keep confidential any questions, testimony, or documents that are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The witnesses may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any Exhibit that is marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his or her counsel, that the witness may not make any notes of the transcript or the exhibits, and that the transcript and exhibits may be reviewed only by the witness in the offices of one of the counsel representing a Party in this case (or another firm acting for one of the counsel representing a Party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

F.  **Procedure for Designating Materials**

24. Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 3 above; and a Designating Party may designate as "ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 4 above.

25. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section F before the material is disclosed or produced.

26. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page that contains Designated Material, or upon the disk, hard drive, thumb drive, or container containing the Designated Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party must specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by informing the reporter and opposing Party in writing, within thirty (30) calendar days of receipt of the final transcript of the deposition, of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless

be treated as "CONFIDENTIAL" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

### G. Inadvertent Failure To Designate

27. An inadvertent failure to designate qualified information, documents, or things as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" with the factual basis for the assertion of such designation. Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party must provide substitute copies of documents bearing the confidentiality designation.

### H. Filing Designated Material

28. Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in any public record any Designated Material. If the Designating Party desires that the Designated Materials be filed under

seal, then the filing Party shall file the Designated Materials under seal in accordance with Federal Rules of Civil Procedure and the Local Civil Rules of the Eastern District of North Carolina, with notice served upon the Designating Party. The filing of the Designated Materials under seal shall not be binding on the Court. Within the (10) days of service of such notice, the Designating Party desiring that the Designated Materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the Designated Materials need not file any such Motion to Seal or otherwise defend another Party's desire that the Designated Materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Designated Materials submitted under seal in accordance with this Paragraph will remain under seal pending the Court's ruling. If the Designating Party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the Designated Materials will be deemed unsealed without need for order of the Court. All Designated Materials sealed by the Court will be released from sealed or restricted access only pursuant to Court Order.

I. **Challenges to Confidentiality Designations**

29. The Parties will use reasonable care when designating documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Nothing in this Order will prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" have been improperly designated. A

Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

30. A Party will not be obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and the failure to do so will not preclude a subsequent challenge thereto. Such a challenge must be written, must be served on counsel for the Producing Party, and must particularly identify the documents or information that the Receiving Party contends should be differently designated. The Parties will use their best efforts to resolve promptly and informally such disputes.

31. If agreement cannot be reached, the Receiving Party will request that the Court cancel or modify a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation. The Producing Party will bear the burden of proving that the challenged designation is appropriate.

J.  **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

32. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing by both electronic mail and overnight delivery, promptly and in no event no more than five (5) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the

Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party will bear the burden and the expense of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**K.     Unauthorized Disclosure Of Designated Material**

33.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party, in writing by both electronic mail and overnight delivery, regarding the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement To Be Bound By Protective Order" attached hereto.

**L.     Non-Party Use of This Protective Order**

34.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will receive the same level of protection and have the same rights and obligations under this Protective Order as any Party.

35.     A non-party's use of this Protective Order to protect its "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information does not entitle that non-party access to "CONFIDENTIAL" information or "ATTORNEYS' EYES ONLY" information produced by any Party in this case.

M.  Duration

36. Even after the termination of this action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

N.  Final Disposition

37. Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Designated Material, including all material that was in a Party's possession, custody, or control before a Producing Party officially produced the Material in this action with the appropriate designations contemplated by this Order.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety (90) day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section M (Duration), above.

O.  Miscellaneous

39. Any of the notice requirements herein may be waived, in whole or in part, but

only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

40. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court will take appropriate measures to protect Designated Material at trial and any hearing in this case.

41. This Order will not diminish any existing obligation or right with respect to Designated Material, nor will it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

42. The United States District Court for the Eastern District of North Carolina is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order will be resolved by the United States District Court for the Eastern District of North Carolina. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

Dated: September 16, 2016

_____
Robert T. Numbers, II
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ADRIAN BERBER, on behalf of himself and all others similarly situated,<br>  *Plaintiff*,<br><br>v.<br><br>HUTCHISON TREE SERVICE,<br>NORTHSTAR ENERGY SERVICES, INC.<br>and PIEDMONT NATURAL GAS, INC.,<br>AND CRAIG HUTCHINSON,<br>  *Defendants* | )<br>)<br>)<br>)<br>)  CA No. 5:15-CV-143-D<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name] of _____, being of sound mind and over the age of eighteen (18), do hereby certify as follows:

  1. I am not an employee or contractor of the Party who retained me, or of a competitor of any opposing Party.

  2. I agree that, between now and the period ending one (1) year following the termination of the above-referenced action, I will provide written notice to all opposing Parties ten (10) days prior to becoming an employee or contractor for the Party who retained me, or any affiliate of such Party, or of a competitor of any opposing Party and will destroy any Designated Material in my possession prior to the commencement of such engagement.

  3. I agree that the information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" constitutes a trade secret or is otherwise confidential, the protection of which is a legitimate interest of the Designating Party.

  4. I agree that this restriction against employment with the retaining Party, or its affiliate, or a competitor of any opposing Party will cause no undue economic hardship to me and is reasonably necessary to protect the legitimate interests of the Parties to the above-referenced action.

  5. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201\_ at _____.

Printed or typed name: _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

ADRIAN BERBER, on behalf of himself and )
all others similarly situated, )
  *Plaintiff*, )
  )
  ) CA No. 5:15-CV-143-D
v. )
  )
HUTCHISON TREE SERVICE, )
NORTHSTAR ENERGY SERVICES, INC. )
and PIEDMONT NATURAL GAS, INC., )
AND CRAIG HUTCHINSON, )
  *Defendants* )
  )

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

  I, _____ [print or type full name], being of sound mind and over the age of eighteen (18), hereby state as follows:

 1. I reside at _____;

 2. My present employer is _____;

 3. My present occupation or job description is _____;

 4. I agree to keep confidential all information provided to me in the matter of *Berber et. al. v. Hutchison Tree Service et. al.,* Case No. 5:15-CV-143-D, United States District Court for the Eastern District of North Carolina, and to be subject to the authority of that Court in the event of any violation or dispute related to this Agreement.

 5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents, or things that are subject to the Protective Order except in accordance with the provisions of the Protective Order;

 6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201\_\_ at _____.

Printed or typed name: _____

Signature: _____